# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ISOJON KHUSENOV,

                                      Plaintiff,

        -against-

PROKRAFT INC. and PRO-CUT,

                                    Defendant.
-------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
99-56 66TH Avenue
Rego Park, New York
County of Queens

**To the above-named Defendant(s):**

       **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Brooklyn, New York
               June 7, 2021

_____
LAW OFFICE OF YURIY PRAKHIN, P.C.
Attorneys for Plaintiff
1883 86th Street, 2nd floor
Brooklyn, New York 11214
(718) 946-5099

TO:    PROKRAFT INC.
         1293 N Post Oak Road, Suite 100
         Houston, TX 77055

         PRO-CUT
         1293 N Post Oak Road, Suite 100
         Houston, TX 77055

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ISOJON KHUSENOV,

                                    Plaintiff,

-against-

PROKRAFT INC. and PRO-CUT,

                                    Defendant.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, LAW OFFICE OF YURIY PRAKHIN, P. C., complaining of the Defendants, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ISOJON KHUSENOV

1. At all times herein mentioned, Plaintiff ISOJON KHUSENOV, was, and still is, a resident of the County of Queens, City and State of New York.

2. That at all times herein mentioned, Defendant PROKRAFT INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, Defendant PROKRAFT INC. was and still is a foreign corporation, duly authorized to do business in the State of New York.

4. That at all times herein mentioned, Defendant PROKRAFT INC. maintained its principal place of business at 1293 N Post Oak Road, Houston, Texas.

5. That at all times herein mentioned, Defendant PRO-CUT was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, Defendant PRO-CUT was and still is a foreign corporation, duly authorized to do business in the State of New York.

7. That at all times herein mentioned, Defendant PROKRAFT INC. facilitated the distribution of Pro-Cut meat grinders in the State of New York.

8. That at all times herein mentioned, Defendant PRO-CUT facilitated the distribution of Pro-Cut meat grinders in the State of New York.

9. That on May 29, 2021, Plaintiff ISOJON KHUSENOV, while engaged in the scope of his employment as a Butch Apprentice, was utilizing a Pro-Cut KG-32 meat grinder and sustained severe, serious and permanent injuries.

10. That Defendant, PROKRAFT INC., committed a tortious act within the State of New York.

11. That Defendant, PROKRAFT INC., regularly does, or solicits, business in the State of New York.

12. That Defendant PROKRAFT INC. received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13. That at all times herein mentioned the Defendant PROKRAFT INC. was in the business of selling, manufacturing, marketing, delivering and distributing meat grinders for the purpose of sale and use to the general public.

14. That at all times herein mentioned the Defendant PROKRAFT INC. was in the business of selling, manufacturing, marketing, delivering and distributing meat grinders for the purpose of sale and use to retailers and wholesalers.

15. That the Defendant, PROKRAFT INC. manufactured, designed, produced and distributed a certain product called "KG-32 meat grinder".

16. That at all times herein mentioned, and prior to May 29, 2021, the Defendant, PROKRAFT INC., manufactured, sold, distributed and delivered to various retailers the above-mentioned product.

17. That Defendant, PRO-CUT, committed a tortious act within the State of New York.

18. That Defendant, PRO-CUT, regularly does, or solicits, business in the State of New York.

19. That Defendant PRO-CUT received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

20. That at all times herein mentioned the Defendant PRO-CUT was in the business of selling, manufacturing, marketing, delivering and distributing meat grinders for the purpose of sale and use to the general public.

21. That at all times herein mentioned the Defendant PRO-CUT was in the business of selling, manufacturing, marketing, delivering and distributing meat grinders for the purpose of sale and use to retailers and wholesalers.

22.

23. That at all times herein mentioned the Defendant PRO-CUT, was in the business of selling, manufacturing and distributing meat grinders for the purpose of sale and use to businesses.

24. That the Defendant, PRO-CUT manufactured, designed, produced and distributed a certain product called "KG-32 meat grinder".

25. That at all times herein mentioned, and prior to May 29, 2021, the Defendant, PRO-CUT, manufactured, sold, distributed and delivered to various retailers the above-mentioned product.

26. That on May 29, 2021, Plaintiff ISOJON KHUSENOV used said product of Defendant, PROKRAFT INC.

27. That on May 29, 2021, Plaintiff ISOJON KHUSENOV used said product of Defendant, PRO-CUT.

28. That the Defendant PROKRAFT INC. warranted said product was fit for the purpose for which it was intended.

29. That the Defendant PRO-CUT warranted said product was fit for the purpose for which it was intended.

30. That the Defendant PROKRAFT INC. warranted that said product was safe to use in every respect and had been manufactured safely and warranted that it was good, safe and proper to use.

31. That the Defendant PRO-CUT warranted that said product was safe to use in every respect and had been manufactured safely and warranted that it was good, safe and proper to use.

32. That the Defendant, PROKRAFT INC. impliedly warranted that the said product was of merchantable quality and was safe for use.

33. That the Defendant, PRO-CUT impliedly warranted that the said product was of merchantable quality and was safe for use.

34. That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

35. That Defendant, PROKRAFT INC. warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

36. That Defendant, PRO-CUT warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

5

37. That on May 29, 2021 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

38. That the aforesaid accident was caused solely and wholly by reason that Defendant, PROKRAFT INC. breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

39. That the aforesaid accident was caused solely and wholly by reason that Defendant, PRO-CUT breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

40. That Plaintiff, ISOJON KHUSENOV replied upon the skill or judgment of PROKRAFT INC., to furnish an appropriate meat grinder.

41. That Plaintiff, ISOJON KHUSENOV replied upon the skill or judgment of PRO CUT, to furnish an appropriate meat grinder.

42. That by reason of the foregoing, Plaintiff ISOJON KHUSENOV was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

43. That this action falls within one or more exception set forth in §1602 of the CPLR.

44. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF ISOJON KHUSENOV

45. Plaintiff ISOJON KHUSENOV, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

46. That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

47. That on May 29, 2021, Plaintiff ISOJON KHUSENOV, used the product for the purpose and use normally intended.

48. That on May 29, 2021, while Plaintiff ISOJON KHUSENOV was using the said product, Plaintiff's sleeve got caught in the grinder pulling his hand into the grinder then his arm up to his shoulder. A sensor or guard installed properly could have stopped it from sensing a foreign substance and stopped the machine from functioning when in turn caused Plaintiff to suffer severe bodily injuries.

49. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

50. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

51. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees failed to warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

7

52. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees failed to warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

53. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees failed to properly warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

54. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees failed to properly warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

55. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees had a duty to provide a reasonably safe meat grinder into the stream of commerce.

56. That by reason of the foregoing, the Defendant, PRO CUT, their agents, servants, employees and/or licensees had a duty to provide a reasonably safe meat grinder into the stream of commerce.

57. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees did not test and/or failed to properly test the design of the subject meat grinder prior to introducing the product into the stream of commerce.

58. That by reason of the foregoing, the Defendant, PRO CUT, their agents, servants, employees and/or licensees did not test and/or failed to properly test the design of the subject meat grinder prior to introducing the product into the stream of commerce.

8

59. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees breached its duty of care by introducing the subject meat grinder into the stream of commerce that was dangerous to consumers.

60. That by reason of the foregoing, the Defendant, PRO CUT, their agents, servants, employees and/or licensees breached its duty of care by introducing the subject meat grinder into the stream of commerce that was dangerous to consumers.

61. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees breached its duty of care by introducing the subject meat grinder into the stream of commerce that failed to contain proper warnings or instructions.

62. That by reason of the foregoing, the Defendant, PRO CUT, their agents, servants, employees and/or licensees breached its duty of care by introducing the subject meat grinder into the stream of commerce that failed to contain proper warnings or instructions.

63. That the subject meat grinder was purposefully designed and manufactured to permit its use with the safety guard removed.

64. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees failed to sufficiently warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

65. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees failed to sufficiently warn users of the aforesaid grinder of the dangers and hazards of utilizing said machine.

66. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees in improperly posted labels of the aforesaid grinder sufficiently allowing the user to see the dangers and hazards of utilizing said machine.

9

67. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees in improperly posted labels of the aforesaid grinder sufficiently allowing the user to see the dangers and hazards of utilizing said machine.

68. That by reason of the foregoing, the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees in improperly installing the emergency switch for easy access for the user to reach easily and avoid the dangers and hazards of utilizing said machine.

69. That by reason of the foregoing, the Defendant, PRO-CUT, their agents, servants, employees and/or licensees in improperly installing the emergency switch for easy access for the user to reach easily and avoid the dangers and hazards of utilizing said machine.

70. That by reason of the foregoing, Plaintiff ISOJON KHUSENOV, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF ISOJON KHUSENOV**

71. Plaintiff ISOJON KHUSENOV, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

72. That Plaintiff ISOJON KHUSENOV was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, PROKRAFT INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

73. That Plaintiff ISOJON KHUSENOV was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, PRO-CUT, their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

74. That by reason of the foregoing, Plaintiff ISOJON KHUSENOV, has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   Brooklyn, New York
         June 7, 2021

Yours, etc.

_____
LAW OFFICE OF YURIY PRAKHIN, P.C.
Attorneys for Plaintiff
1883 86TH Street, 2nd floor
Brooklyn, New York 11201
(718) 946-5099

## ATTORNEY'S VERIFICATION

YURIY PRAKHIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at LAW OFFICE OF YURIY PRAKHIN, P.C., attorneys of record for Plaintiff, ISOJON KHUSENOV. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:     Brooklyn, New York
           June 7, 2021

_____
YURIY PRAKHIN, ESQ.

FILED: QUEENS COUNTY CLERK 06/14/2021 12:18 PM
NYSCEF DOC. NO. 2
Case 1:21-cv-03703-HG   Document 1-1   Filed 06/30/21   Page 14 of 15 PageID #: 17
INDEX NO. 712947/2021
RECEIVED NYSCEF: 06/14/2021
P4731568

YURIY PRAKHIN P.C.
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

ISOJON KHUSENOV

                PLAINTIFF

- vs -

PROKRAFT INC., ETANO

                DEFENDANT

index No. 712947/2021
Date Filed
File No. NO FILE NUMBER
Court Date:

## AFFIDAVIT OF SERVICE

STATE OF _TEXAS_, COUNTY OF _HARRIS_ :SS:

_Bonnalee J. Aeynard_, being duly sworn deposes and says:

Deponent is not a party herein, is over 19 years of age and resides in the State of _TEXAS_.

On _June 9, 2021_ at _12:05 P_,

at **1293 N POST OAK ROAD SUITE 100 HOUSTON, TX 77055**

deponent served the within **NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT** on: **PROKRAFT INC., ETANO**, the **DEFENDANT** therein named.

\_\_\_ #1 INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

X #2 CORPORATION — By delivering a true copy of each to _Carlos Muzquiz, Sales Mgr._ personally,

deponent knew the person so served to be the _____ of the corporation, and authorized to accept service on behalf of the corporation.

\_\_\_ #3 SUITABLE AGE PERSON — By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is **DEFENDANT's**: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

\_\_\_ #4 AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is **DEFENDANT's**:[ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by

\_\_\_ #5 MAIL COPY — On _____ I deposited in the United States mail a true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1' class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

X #6 DESCRIPTION (USE WITH #1, 2 OR 3) — Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

Sex: _M_    Color: _W-hispanic_    Hair: _blk_
Age: _30's_  Height: _5'7"_         Weight: _150_
OTHER IDENTIFYING FEATURES: _____

\_\_\_ #7 WITNESS FEES — The authorized witness fee and / or traveling expenses were paid (tendered) to the **DEFENDANT** in the amount of $ \_\_\_\_

\_\_\_ #8 MILITARY SRVC — Deponent asked person spoken to whether the **DEFENDANT** was presently in military service of the United States Government or of the State of _____ and was informed that **DEFENDANT** was not.

\_\_\_ #9 OTHER

_[signature]_
NOTARY NAME & DATE

_[signature] Bonnalee J. Aeynard_
PSC 10316

JOHN COLLINS ORR
Notary Public, State of Texas
Comm. Expires 03-17-2024
Notary ID 132408170

PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038

FILED: QUEENS COUNTY CLERK 06/14/2021 12:18 PM
NYSCEF DOC. NO. 3
Case 1:21-cv-03703-HG   Document 1-1   Filed 06/30/21   Page 15 of 15 PageID #: 18
INDEX NO. 712947/2021
RECEIVED NYSCEF: 06/14/2021
P4731584

# AFFIDAVIT OF SERVICE

YURIY PRAKHIN P.C.
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

ISOJON KHUSENOV

PLAINTIFF

- vs -

PROKRAFT INC., ETANO

DEFENDANT

index No. 712947/2021
Date Filed
File No. NO FILE NUMBER
Court Date:

**AFFIDAVIT OF SERVICE**

STATE OF _TEXAS_, COUNTY OF _HARRIS_ :SS:

_Bonnalee T. Acquard_, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _TEXAS_.

On _June 9, 2021_ at _12:25p_,

at **1293 N POST OAK ROAD SUITE 100 HOUSTON, TX 77055**

deponent served the within **NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT** on: **PRO-CUT**, the **DEFENDANT** therein named.

___ #1 INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

X #2 CORPORATION — By delivering a true copy of each to _Carlos Muzquiz, Sales Mgr._ personally, deponent knew the person so served to be the _____ of the corporation, and authorized to accept service on behalf of the corporation.

___ #3 SUITABLE AGE PERSON — By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is **DEFENDANT's**: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

___ #4 AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is **DEFENDANT's**: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age and discretion, having called thereat

on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____
Address confirmed by ____

___ #5 MAIL COPY — On _____ I deposited in the United States mail a true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1' class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

X #6 DESCRIPTION (USE WITH #1, 2 OR 3) — Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.
Sex: _M_   Color: _w-hispanic_   Hair: _blk_
Age: _30's_   Height: _5'7"_   Weight: _150_
OTHER IDENTIFYING FEATURES: _____

___ #7 WITNESS FEES — The authorized witness fee and / or traveling expenses were paid (tendered) to the **DEFENDANT** in the amount of $ _____

___ #8 MILITARY SRVC — Deponent asked person spoken to whether the **DEFENDANT** was presently in military service of the United States Government or of the State of _____ and was informed that **DEFENDANT** was not.

___ #9 OTHER

NOTARY NAME & DATE


JOHN COLLINS ORR
Notary Public, State of Texas
Comm. Expires 03-17-2024
Notary ID 132408170

_Bonnalee T. Acquard_
psc 10316

PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-YP-4731584

1 of 1