**EXHIBIT "A"**

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2
     ------------------------------x
 3                                              21-CV-3703(BMC)
     ISOJON KHUSENOV,
 4                                              United States Courthouse
              Plaintiff,                        Brooklyn, New York
 5
              -versus-                          May 02, 2022
 6                                              2:45 p.m.
     PROKRAFT INC., ET AL,
 7
              Defendants.
 8
     ------------------------------x
 9
             TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
10              BEFORE THE HONORABLE BRIAN M. COGAN
                   UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES

13
     For the Plaintiff:         LAW OFFICES OF ALEXANDER BESPECHNY
14                              224 Kings Highway
                                Brooklyn, New York 11223
15                              BY:  GIL ZOHAR, ESQ.

16
     For the Defendant:         O'CONNOR REDD ORLANDO, LLP
17                              134 Myers Corners Road
                                Wappingers Falls, New York 12590
18                              BY:  CARMEN VASQUEZ, ESQ.

19
     For the Third-Party:       CONGDON, FLAHERTY, O'CALLAGHAN
20                              333 Earle Ovington Blvd
                                Uniondale, New York 11553
21                              BY:  THOMAS M. EVANS, ESQ.

22   Court Reporter:            Rivka Teich, CSR, RPR, RMR, FCRR
                                Phone:  718-613-2268
23                              Email:  RivkaTeich@gmail.com

24   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
25
```

             (Telephone conference.)

             THE COURTROOM DEPUTY:  Civil cause for motion hearing, 21-CV_3703, Khusenov vs. Procraft Inc.

             Counsel state your name for the record, beginning with plaintiff counsel.

             THE COURT:  We're still waiting for plaintiff counsel.  Is defendant's counsel on the phone?

             MS. VASQUEZ:  Yes, your Honor.

             THE COURT:  Who is that, please?

             MS. VASQUEZ:  Carmen Vasquez on behalf of Procraft and Procut.

             THE COURT:  And?

             MR. EVANS:  And for the third-party defendant, Thomas Evans.

             THE COURT:  And I understand plaintiff's counsel just joined the call.

             MR. ZOHAR:  Yes, your Honor.  Gil Zohar for the plaintiff.  I apologize.

             THE COURT:  Okay.  What I'm not understanding about your request to extend discovery is why you need expert depositions in order to make a dispositive motion.  Why would you do that?  If you have two experts, one from each side, and one says one thing and one says the other thing, and each of them are based on factual assumptions made from evidence in the record, how could I possibly grant summary judgment?

1                Who is the main proponent -- I understand it's on
2    consent -- who is the main proponent for this motion,
3    defendant or plaintiff?
4                MS. VASQUEZ:  Defendant, your Honor.  Defendant
5    Procraft.  We will probably be moving for summary judgment,
6    almost certainly.  And we didn't ask for an extension of
7    discovery deadline necessarily.  I understood from your rules
8    that we have to submit the request for dispositive motion
9    conference by May 6, and by May 6 we will not have completed
10   expert discovery.
11               THE COURT:  Right.
12               MS. VASQUEZ:  We will not have yet completed the
13   exchange of the reports or the depositions.  And so based on
14   your rules, the letter request is a three-page letter which
15   outlines our motion in essence, it's going to be an
16   opportunity to orally argue our position.
17               THE COURT:  Right.
18               MS. VASQUEZ:  Without having expert discovery
19   completed by May 6, it will be very difficult to submit to the
20   Court a detailed letter with our position not knowing even
21   plaintiff's position at the time.
22               THE COURT:  Well, it seems to me like you're
23   planning on moving for summary judgment without even knowing
24   if you've got a viable summary judgment motion.
25               Let me go back what I said in the beginning.  Let's

1  suppose we do it your way and wait until July 13 when you
2  finish expert discovery.  And then you send me a letter that
3  says we'd like to move for summary judgment.  We do that
4  because, what?  What is the possible ground for summary
5  judgment?
6          MS. VASQUEZ:  Lack of design defect.
7          THE COURT:  Okay.  By July 13 the plaintiff is going
8  to have an expert saying there is a design defect.  And you're
9  going to have an expert that says there isn't a design defect.
10 And so how is that a dispositive motion?  I can't choose
11 between experts on summary judgment, can I?
12         MS. VASQUEZ:  Right now I don't necessarily know
13 what the plaintiff's expert is even going to say, your Honor.
14 That's part of the issue, that I don't know if there is no
15 expert from plaintiff's counsel side yet.  We haven't
16 exchanged any expert information yet so I don't know that
17 there will be an expert from plaintiff saying that.
18         THE COURT:  If the plaintiff had no expert, then it
19 seems to me the only way plaintiff can oppose your motion is
20 to say that your expert is basing his opinion or her opinion
21 on facts that are not supported by any evidence in the record.
22 But for you to make it -- all I'm saying is the expert opinion
23 seems to be irrelevant to the issue of whether there is a
24 dispositive motion.  Because you can't really grant summary
25 judgment when there is conflicting expert affidavit.  And if

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1  the plaintiff can't contradict your expert's affidavit and
2  there is facts in the record to back up your expert, well,
3  then the plaintiff loses.
4              MR. EVANS:  If I may.  I think where counsel is
5  going on this is, it doesn't -- you are correct, it may not
6  necessarily matter about expert discovery.  I think it really
7  is going to hinge upon the law and the facts of the case and
8  the experts may be entirely irrelevant.  Because we know from
9  the facts of this particular case that the safety guard that
10 was on the machine, on the meat grinder, was a fixed guard.
11 It was removed by the butchers in the butchers' department for
12 efficiency reasons relating to placing and being able to place
13 meat efficiently in the meat grinder.
14             I think what defense counsel going on it is, we had
15 manufactured or distributed a safe product, that according to
16 the experts would be the way that you would do it for this
17 machine, making it a unremovable guard.  The only way this
18 thing was removed was by grinder of some kind.
19             THE COURT:  The facts you're giving me are virtually
20 undisputed; it's just the conclusion of whether or not the
21 potential for removal of the guard was itself a defect.  In
22 other words, you should have made a guard that the machine
23 couldn't operate at all if somebody removed it, otherwise
24 you're just inviting people to put their hands it.
25             Look, I understand.  I'm not saying I'm making a

1   finding.  I'm just trying to understand the parties' theories.
2              What I can't understand is unless the plaintiff
3   gives up, how could we have a dispositive motion based on an
4   affidavit from the defendant's expert that says in effect, a
5   report from the defendant's expert, that says in effect this
6   machine was made with a guard and because it had a guard there
7   was no defect.  Then the plaintiff comes back with an expert
8   and says, yes, plaintiff's expert claims there was a guard but
9   the defense knew or should have known that it was readily
10  removable.  Then how do I grant summary judgment?
11             MR. EVANS:  Well, I think in that scenario you
12  really get into all the things that would be part of the
13  motion for summary judgment; namely, what is the standard
14  within the meat grinding manufacturing business in terms of
15  what the plaintiff's expert say should have been there versus
16  what the defendant's have done in terms of making this as safe
17  as possible.  In other words, there are no other manufactures
18  that make these machines with some sort of sensors on it that
19  if the guard is removed it's not going to operate.  It doesn't
20  exist.  I think that's where defense going on it, on the
21  design basis.
22             You can't ask for something or say that it's a
23  negligent design or manufacture, when in the real world it
24  doesn't exist.
25             THE COURT:  Okay.  I understand that's a theory,

```
 1   maybe it's a theory that will win the case for the defendants.
 2               Let's assume for the purposes of argument that the
 3   plaintiff is going to concede that there are 20 manufacturers
 4   of these slicing devices out there and none of them have any
 5   fail-safe mechanism that would prevent the guard from being
 6   removed.  But plaintiff's expert says it would cost 35 cents
 7   per machine to install such a device.  If that's what happens,
 8   how do I grant summary judgment?
 9               MR. EVANS:  Then that's a consumer-based issue,
10   because if it adds to the price of the machine in any
11   significant way, nobody is going to purchase the thing.
12               THE COURT:  That's why I said 35 cents, I could have
13   said three cents.  I think this --
14               MR. EVANS:  I think this is several hundred dollars
15   in this particular scenario.
16               THE COURT:  What the defendant needs to move for
17   summary judgment is an affidavit from an expert that says
18   there are 20 manufacturers out there, none of them have a
19   fail-safe mechanism, and it is not economically feasible to
20   have.
21               MR. EVANS:  Correct.
22               THE COURT:  And then first of all, let me ask
23   defense counsel, do you anticipate having such an expert?
24               MS. VASQUEZ:  We do.
25               THE COURT:  And then what is the plaintiff going to
```

1  say, I'm asking when Mr. Zohar, you're faced with that
2  affidavit.
3             MR. ZOHAR:  That is our argument.  And also failure
4  to warn.  Two prongs here.
5             Absolutely, with regard to putting out a product
6  that maybe initially when they started making these machines,
7  50, 60, years ago, they didn't have the ability to make
8  microchips do things of those nature.  It is easy to do now,
9  it does not cost much.  That is one of the prongs of liability
10 upon the manufacturer.
11            THE COURT:  Are you going to have an expert who says
12 that?
13            MR. ZOHAR:  I'm going to have an expert.  I do not
14 have a report, but yes, that's definitely one of the things
15 that we're looking at.
16            THE COURT:  Let me ask defendant and third-party
17 defendant, if I've got those reports, how do I grant summary
18 judgment?
19            MR. EVANS:  Carmen, I'll leave that up to you on the
20 case law.
21            MS. VASQUEZ:  The case law is pretty clear on the
22 issue of a machine that was altered after it left possession
23 of a distributor/manufacturer, and the duty and responsibility
24 of the manufacturer don't extend past when they build it;
25 unless they were aware of the fact that the guards are being

1  removed on a regular basis.  According to the testimony of our

2  witness who testified, he had no knowledge of it being

3  removed.

4          THE COURT:  I understand.  All I'm saying is you

5  don't need an expert for that.  You think the case law says

6  that an alteration absolves you of responsibility for

7  injuries.  It's currently, right now, between all of us, it's

8  undisputed that somebody other than defendant removed it.  You

9  could make your summary judgment motion right now, you don't

10  need an expert or anything else.

11          You can say, look at this case law, Judge.  Here is

12  my 56.1 statement.  It says defendants did not remove the

13  guard.  Plaintiffs admit that.  And that is enough under the

14  case law.

15          What does that have to do with expert discovery?

16          MS. VASQUEZ:  Because plaintiff is going to come

17  back with an expert saying they could have made it safe or

18  done this or that.  And my expert will say actually that's not

19  accurate.

20          THE COURT:  You lose, because you have a conflict

21  between the experts.  It will be a factual issue of the jury

22  as to whether it could have been feasibly and reasonably done.

23          You told me just now that you're going to get out of

24  this case because the case law says once the guard is removed

25  you're off.  Now you're saying, no, plaintiff's theory is

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1 going to be that if it's easily remediable then the defendant
2 is still liable.  If it is known and foreseeable that people
3 take this off, the defendant is still liable.
4            Then you're going come back with your expert who
5 says their expert is wrong.  Where is the summary judgment?
6            MS. VASQUEZ:  Only because there are nuances to the
7 case, your Honor.
8            This is not just a standard grinder with a removable
9 guard.  This is a guard that was a permanently affixed feature
10 on this grinder.  Our expert will be able to testify and say
11 and give an affidavit that actually says, for a meat grinder
12 with a permanently affixed safety guard there was no
13 requirement to have a sensor or interlock or any other kind of
14 system.
15            THE COURT:  I understand.
16            Mr. Zohar says he's going to come back with an
17 expert that says this could have been done easily and cheaply;
18 it was only to save a nickel that the defendant didn't do
19 that.  Then your expert will be disagreeing with Mr. Zohar's
20 expert.
21            MR. ZOHAR:  I get what you're saying, Judge, because
22 if you're going to rely on the case law as it stands now
23 factually, you just make the motion for summary judgment.
24            THE COURT:  Exactly.
25            MR. ZOHAR:  The issue of expert discovery really is

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1   a battle of the experts, if the motion is denied. And we now
2   have to go to trial and the experts will testify as to such.
3           But I think on the case law that's currently out
4   there, you are correct, I think defendant could move for
5   summary judgment based on what is currently out there in the
6   case law.
7           THE COURT: I'm going to give you the time that you
8   asked for, no more. We're going to finish the expert
9   reports -- expert depositions -- if you want, which I presume
10  you will, on July 13.
11          Then by July 20, I'll get a letter from the
12  defendants that they want to move for summary judgment.
13          Now, I want to caution the defendants. If you send
14  me that letter, you better have anticipated where the
15  plaintiff's expert is. We're going to have another
16  conversation in connection with those letters and I'm going to
17  press you even harder than I have today about how there is a
18  summary judgment motion in lieu of conflicting expert
19  affidavits. If you say to me, well, Judge, we're not relying
20  on the expert affidavits because the law is so much in our
21  favor that the fact that it was removed by itself is enough to
22  get us out; then I'm going to say to you, then you should have
23  moved for summary judgment before everyone went to the expense
24  of getting experts. And probably I'm going to say, you're too
25  late to move for summary judgment. And let's go to trial,

1  which we'll do a week later.  That's the lay of the land.

2  I'm granting your motion for an extension.  But I'm
3  cautioning you to be very careful and thoughtful about what
4  tactics you'll use to tee this case up.  If you're going to
5  make a motion based solely on the case law, make it now,
6  because the facts are not in dispute.

7  If you're going to make it based on an expert
8  report, consider whether you really are going to be able to do
9  that when Mr. Zohar puts in an affidavit saying the opposite
10 of what your expert does.

11 MS. VASQUEZ:  If we make this motion now, your
12 Honor, when you say "now," what exactly does that mean?

13 THE COURT:  How long do you need to make one based
14 on the case law with no expert support?

15 MS. VASQUEZ:  At least 30 days, I would ask for.

16 THE COURT:  You were going to say three weeks before
17 I said three weeks, but that's okay.  You can have 30 days.

18 Mr. Zohar, I don't want to give you 30 days to
19 oppose.  I don't think you need it.  Do you think you need it?

20 MR. ZOHAR:  I would want as much time as possible.
21 I don't want to shoot myself in the foot and then coming back
22 to you requesting more time.

23 THE COURT:  Here's what I'll do, I'll give you three
24 weeks to oppose.  However, I'm going to look at the
25 defendant's papers the day they come in.  If I see it's really

1   mammoth and you've got to do a lot of work, I won't hesitate
2   to give you an additional week or two.  In fact, you should
3   remind me that I said this during this conference so I'll be
4   sure to give it to you if you need it.
5            MR. ZOHAR:  Will do.
6            THE COURT:  Then ten days for reply.
7            That will give us a motion that is teed up well
8   before you've completed expert discovery, which like I say,
9   seems fine to me because the experts don't get you summary
10  judgment any way.
11           Let's give that a try.  If someone thinks of
12  something after this call, if you have thoughts in the
13  stairwell that make this plan intreasable, then you'll write
14  another letter and let me know why.
15           I think the defendants ought to be thinking very
16  carefully whether the case law is strong enough to go ahead
17  and make this motion.  If it is, by all means make it.  But if
18  there is things that are factual disputes before you get to
19  the point of removing the guard is not foreseeable, then don't
20  make it.
21           MS. VASQUEZ:  Your Honor, in terms of expert
22  discovery, if we decide to go that route before making the
23  motion, we have the extension then to what date specifically?
24  I want to make sure I know.
25           THE COURT:  I think the way it works out on your

1   proposed schedule was July 13 conclusion of expert deposition.
2   Let's give that a try.  I'm not writing it in granite, I'm
3   writing it in sandstone because I know I caught you off-guard
4   about how I see the case, if I'm right.  If I'm not, you'll
5   let me know.
6               MS. VASQUEZ:  Thank you, your Honor.
7               THE COURT:  Thank you all for calling in.
8               MR. ZOHAR:  Thank you.
9               (Whereupon, the matter was concluded.)
10                    *    *    *    *    *
11  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
12
13  */s/ Rivka Teich*
    Rivka Teich, CSR RPR RMR FCRR
14  Official Court Reporter
    Eastern District of New York

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*