```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISOJON KHUSENOV,
                                                            Case No. 1:21-CV-3703-BMC
                    Plaintiff,

        -against-
                                                            REPLY
PROKRAFT INC. and PRO-CUT,                                  MEMORANDUM OF
                                                            LAW
                    Defendants.
------------------------------------------------------------------------X
PROKRAFT INC.,

                    Third-Party Plaintiff,

        -against-

KARZINKA US, INC.,

                    Third-Party Defendant.
------------------------------------------------------------------------X
```

The third-party defendant, KARZINKA US, INC., ("Karzinka"), submits the within reply memorandum of law in further support of its instant application for an Order, issued pursuant to F.R.C.P. Rule 56, granting the defendant/third-party plaintiff, PROKRAFT INC., ("Prokraft"), summary judgment and dismissal of plaintiff, ISOJON KHUSENOV's, ("Khusenov"), complaint.

### 1. The KG-32 Meat Grinder Was Not Designed to be Used Without the Safety Guard

There is no merit to Khusenov's contention that the KG-32 meat grinder was designed to be used without its safety guard. *Darsan v. Guncalito Corp*., 153 A.D.2d 868 (2d Dept. 1989) – examined in Karzinka's initial motion papers – is dispositive herein and thus warrants further consideration. In that case plaintiff sought strict products liability recovery after plaintiff suffered a hand/forearm amputation while operating a meat grinder. Although the subject machine was originally equipped with a safety guard over the feed pan, one of plaintiff's co-employees removed it for easier accessibility to the grinding mechanism. Dismissing plaintiff's defective design claim,

the court reasoned, in pertinent part, that, as "the safety guard was affixed to the machine with three fairly heavy rivets which would have to be removed forcibly," *Id.,* 153 A.D.2d at 870, "it [was] manifest that the product was not 'purposefully manufactured to permit its use without the safety guard." *Id*.

In this matter the KG-32 meat grinder was designed with a permanently affixed safety guard which was so securely attached that it could not be removed through the use of a hammer, and, instead, required the employment of a grinder. For counsel to contend that "the grinder was purposefully designed so as to allow removal of the guard"[1] is thus somewhat less than persuasive.

## 2. The Removal of the Safety Guard was a Superseding Cause of Plaintiff's Accident

The intentional removal of the safety guard was a superseding cause of plaintiff's accident, rendering irrelevant the location of the 'stop button' and lack of an interlock. "'[A] plaintiff may [only] overcome a substantial modification defense by demonstrating that the post-sale modification did not render a 'safe product defective' because the product incorporated a defectively designed safety feature at the time of sale.'" *Rosenfeld v. Multivac, Inc.*, 2019 U.S. Dist. LEXIS 65682, at *2 (S.D.N.Y. 2019) (internal quotation omitted) *quoting Hoover v. New Holland N.A., Inc.,* 23 N.Y.3d 41, 56 (2014). "In other words, the plaintiff must raise a triable issue of fact whether the safety feature 'was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury.'" *Id., quoting Hoover, supra*.

In the context of a substantial modification defense, "[the courts] have concluded that 'principles of foreseeability * * * are inapposite,'" *Amatulli v. Delhi Constr. Corp.*, 77 N.Y.2d 525, 532-33 (1991) *quoting Robinson v Reed-Prentice Div*., 49 N.Y.2d 471, 480 (1980), with the substantial modification constituting a superseding cause of the accident. As stated in Justice Goldstein's dissenting opinion in *Klein v. Hyster Co.,* 255 A.D.2d 425 (2d Dept. 1998):

---

[1] *See Khusenov's memorandum of law, un-paginated.*

2

> Substantial modification of a product by a third party after it leaves the manufacturer's hands to consciously bypass a built-in safety feature forecloses a finding of liability against the manufacturer, because the substantial modification constitutes a superseding cause of the accident.

*Id*., 255 A.D.2d at 428.

As a substantial modification constitutes a superseding cause of the accident, strict products liability may not be predicated upon a theory that the manufacturer failed to employ a safer design alternative. Illustrative is *Cacciola v. Selco Balers, Inc.*, 127 F.Supp2d 175 (2001), a case in which plaintiff sought strict products liability recovery for injuries sustained while operating a baler used to compact cardboard boxes when his forearm was caught underneath the baler's ram. Although originally equipped with an interlock device that powered a safety gate which, when closed, blocked access to the interior of the baler, at the time plaintiff was using the baler the safety interlock switch had been disabled. Dismissing plaintiff's design defect claim "premised on an allegation that defendant failed to employ safer design alternatives that might have prevented plaintiff's injury," *Id.*, 127 F. Supp. 2d at 190, the court noted that "[t]hat [this] allegation [ ] ignore[d] New York law that clearly provides that a defendant is not obligated to design a product that is impossible to 'abuse or one whose safety features may not be circumvented'[,] and [was] thus without merit." *Id.*, *quoting Robinson,* N.Y.2d at 480-81.

Likewise, in *Ernest v. S.M.S. Eng'g*, 223 A.D.2d 801 (3rd Dept. 1996) while operating a machine used to straighten newly milled steel, plaintiff was injured when a piece of steel that he was feeding into the machine caught and pulled him into the equipment. Although as originally designed and delivered the machine was equipped with certain safety devices, post-sale they were removed. In dismissing plaintiff's design defect claim the court rejected plaintiff's expert's opinion that the safety features "should have been designed in such a manner that [their] removal… would have rendered the machine inoperable," reasoning that the "defendant was not required to design and manufacture a product whose safety features were impossible to circumvent." *Id.*

3

In *Mackney v. Ford Motor Co.*, 251 A.D.2d 298 (2d Dept. 1998) plaintiff sought strict products liability recovery for injuries sustained when he was run over by a tractor. Before the accident occurred plaintiff's employer had bypassed a neutral safety starter switch, thus allowing the tractor to start while in gear. Granting the manufacturer summary judgment, the court held, *inter alia*, that plaintiff's assertion – "that the product was defectively designed because it did not have a seat switch interlock device which would render the tractor inoperable if the guard were removed," *Id.*, was "insufficient to raise a triable issue of fact." *Id*.

In this matter, while Khusenov asserts that an interlock device and a more easily accessible stop button should have been employed, the evidence demonstrates that, but for the removal of the safety guard plaintiff's accident would not have occurred, such that Khusenov's alternate safety design theory of strict products liability recovery must be rejected. *See Mackney v. Ford Motor Co.*, 251 A.D.2d at 298-99 (no strict products liability recovery "where it is shown that the accident would not have occurred but for the subsequent modification"); *Goss v. JLG Indus.*, No. 10-CV-58S, 2012 U.S. Dist. LEXIS 10869, at *12 (W.D.N.Y. 2012) ("[w]here an accident would not have occurred but for the subsequent modification, a manufacturer will not be held liable"); *Goss v. JLG Indus.*, 2012 U.S. Dist. LEXIS 10869, at *12 (W.D.N.Y. 2012) ("[w]here an accident would not have occurred but for the subsequent modification, a manufacturer will not be held liable");

Assuming for the sake of argument that Khusenov's 'lack of a proper stop button' assertion *could* be a viable theory of design defect recovery, plaintiff has failed to put forth any evidence that *is* – i.e., that the purported improper placement of the KG-32 meat grinder's stop button was a proximate cause of his injuries. As the court noted in *Hoover v. New Holland N.A., Inc.*, *supra*, "[t]he plaintiff may [only] overcome a substantial modification defense by demonstrating that the post-sale modification did not render a 'safe product defective' because the product incorporated a defectively designed safety feature at the time of sale." *Id*., 23 N.Y.3d at 56. "In other words, the

4

plaintiff must raise a triable issue of fact whether the safety feature was not reasonably safe *and that the defective design was a substantial factor in causing plaintiff's injury." Id.,* (quotation marks and citations omitted, italics added).

In this matter, assuming *arguendo* that engineer Foley has correctly asserted that other, similar meat grinders utilize a larger, more easily accessible stop button, it nevertheless remains that "the simple availability of an alternative design… 'does not lead to the conclusion that the design of the [product] was defective.'" *Belville v. Ford Motor Co.*, 919 F.3d 224, 230 n.5 (4th Cir. 2019) *quoting Sexton By and Through Sexton v. Bell Helmets, Inc.*, 926 F.2d 331, 338 (4th Cir. 1991). Rather, to demonstrate that a product was defective, "[t]he plaintiff, of course, is under an obligation to present evidence that the product, as designed, was not reasonably safe because there was a substantial likelihood of harm." *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 108 (1983). In this matter neither plaintiff nor his expert have made any such assertion, and, indeed, they could not credibly do, as the fact remains that, but for the removal of the safety guard, plaintiff's accident would not have occurred. Moreover, to the extent that plaintiff contends that, but for the failure to incorporate a larger, more easily accessible stop button plaintiff's injuries would not have been so severe, it was incumbent upon plaintiff to present evidence in support of such an 'exacerbation of injury' theory of liability, as recovery upon "a design-defect claim also requires a showing… that the defect caused injury,'" *Tucker v. (HP) Hewlett Packard, Inc.*, 2021 U.S. App. LEXIS 26867, at *9 (3d Cir. 2021) *quoting Zaza v. Marquess and Nell, Inc.*, 675 A.2d 620, 627 (N.J. 1996) and "[t]he Circuit and many of its constituent trial courts have rejected expert testimony in design defect cases where, as here, an expert failed to test alternative designs or causation theories." *Beruashvili v. Hobart Corp.*, 2010 U.S. Dist. LEXIS 146015, at *23 (E.D.N.Y. 2010) (citations omitted). In this matter neither opposing counsel or plaintiff's 'expert' have even

5

articulated an exacerbation theory of recovery, let alone supported same with testing demonstrating that the location of the stop button made Khusenov's injuries worse.

### 3. Khusenov Was Already Aware of the Danger of Using His Hands to Place the Meat into a Grinder Lacking a Safety Guard

As is more fully set forth in Karinka's initial motion papers, Prokraft cannot be held liable herein upon a failure to ward theory of recovery, as Khusenov was fully aware of the hazard of using the meat grinder without the safety guard in place and by placing the meat into the machine with his hands, such that warnings would have done nothing and been superfluous. In the seminal design defect, failure to warn case of <u>Liriano v. Hobart Corp.</u>, 949 F. Supp. 171 (S.D.N.Y. 1996) plaintiff brought an action, seeking recovery for "on-the-job injuries [he] sustained when his hand was caught in a commercial meat grinder." *Id*., 949 F. Supp. at 173. The meat grinder, as originally designed, was equipped with a fixed pan and guard assembly, although no warning labels concerning use of the meat grinder without the guard were affixed to the machine and the guard was not on the machine at the time of the accident. *Id*. "A federal jury awarded damages to [plaintiff]." *Erazo v. SCM Grp. N. Am.*, 2019 U.S. Dist. LEXIS 35324, at 73 (E.D. 2019). "On appeal, the Second Circuit Court of Appeals certified the following two-part question to the New York Court of Appeals:

> 'Can manufacturer liability exist under a failure to warn theory in cases in which the substantial modification defense would preclude liability under a design defect theory, and if so, is such manufacturer liability barred as a matter of law on the facts of this case, viewed in the light most favorable to the plaintiff?'"

*Id., quoting Liriano*, 132 F.3d at 132. "After accepting the certified question, *Liriano v. Hobart Corp.*, 91 N.Y.2d 885 (1998), the New York Court of Appeals answered the first part of the question in the affirmative, holding that the manufacturer could be liable under a post-sale failure to warn theory." *Id.*, 2019 U.S. Dist. LEXIS 35324, at 74, *quoting Liriano*, 92 N.Y.2d at 236, 241. "Although the Court of Appeals 'decline[d] to answer the second part of the question in

deference to the Second Circuit's review and application of existing principles of law to the facts,' it provided the following guidance:

> We should emphasize, however, that a safety device built into the integrated final product is often the most effective way to communicate that operation of the product without the device is hazardous. Thus, where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious, lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger. Thus, in appropriate cases, courts could as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury."

*Id.,* 2019 U.S. Dist. LEXIS 35324, at 74-75 *quoting Liriano*, 92 N.Y.2d at 241. As plaintiff "'was only seventeen years old at the time of his injury[,] ... had only recently immigrated to the United States[,] ... had been on the job ... for only one week[,] had never been given instructions about how to use the meat grinder, and ... had used the meat grinder only two or three times,'" *Id.*, 2019 U.S. Dist. LEXIS 35324, at 76, *quoting Liriano*, 170 F.3d at 269, "the Second Circuit subsequently applied these principles and decided, based on the facts of that case, viewed in the light most favorable to the plaintiff, that it could not 'say, as a matter of law, that [defendant] had no duty to warn [plaintiff] ...." *Id.*, 2019 U.S. Dist. LEXIS 35324, at 75, quoting *Liriano v. Hobart Corp.*, 170 F.3d at 271.

The operative facts herein and those presented in *Liriano* are <u>not</u> analogous, as: (1) in *Liriano* the plaintiff had recently immigrated to the United States and had only been on the job for one week, while Khusenov had been in the United States for over two years and worked in Halal Meats – six days a week, from 8:00 am to 8:00 or 9:00 pm – for approximately a year; (2) in *Liriano* the plaintiff had only used the subject meat grinder two or three times, while Khusenov had operated the subject meat grinders for or five times a week for in excess of five months; and (3) in *Liriano* the plaintiff had never been given instructions about how to operate the meat grinder, while in this matter the butchers in the meat department never used their hands to 'feed' meat into

/

the grinders and instead always utilized a 'plunger,' and had instructed Khusenov that, as the safety guard had been removed, he needed to be very careful and always use the plunger – and never his hands – while grinding meat. Karinka thus submits that it is not *Liriano* but *Frazer v. ITW Food Equip. Grp. LLC*, 2013 U.S. Dist. LEXIS 166599 (S.D.N.Y. 2013) and *Hernandez v. Asoli*, 171 A.D.3d 893 (2d Dept. 2019 – both of which have been examined in Karzinka's initial motion papers – to which this Court should look for guidance in ruling upon Khusenov's failure to warn claim, and which, Karzinka submits, mandate the dismissal of same.

### 4. The Safety Warnings Were Appropriate and Prominently Placed

A product manufacturer may establish, *prima facie*, its entitlement to summary dismissal of a failure to warn claim by demonstrating that, when it sold/distributed, it provided an operator's manual and/or warning decals, advising/warning of the subject danger, *see Theoharis v. Pengate Handling Sys. of N.Y., Inc.*, 300 A.D.2d 884, 886 (3rd Dept. 2002), and in this matter the KG-32 Meat Grinder: (1) came with an operator's manual, warning that the operator should never use his/her hands to feed products directly into the bowl area, and that, instead, the "pusher"/plunger provided with the grinder should always be used; and (2) had three prominently displayed sticker pictograms, explicitly warning of the dangers attendant to using one's hands to 'feed' the meat into the KG-32 meat grinder and illustrating that the 'plunger' - which was provided along with the grinder - should instead be used.

Khusenov's first contention - that the owner's manual is inadmissible - is without merit, as: (1) this exact owner's manual is publicly reviewable;[2] and (2) Mr. Flores authenticated this owner's manual when deposed. Opposing counsel's second assertion - that the "safety warnings were not visible where they were located"[3]  - is likewise unpersuasive, as this opinion was not

---

[2] https://www.webstaurantstore.com/documents/pdf/procut-kg-32-kg-32-mp-kg-32-xp-owners-manual.pdf.
[3] *See plaintiff's memorandum of law, un-paginated*.

8

proffered by Khusinov's expert and constitutes nothing more than a terse and conclusory assertion predicated, exclusively, upon counsel's *ipse dixit*.

Finally, in arguing that the safety warnings were inadequate because, being a "non-English speaker/reader" by Khusenov they were not understood, counsel hangs himself upon his own petard, as Khusenov's failure to understand English "terminat[ed] any possible causal connection between the alleged inadequacy of the warning and the accident… [such that] his failure to warn claim fails as a matter of law." *Lara v. Delta Int'l Mach. Corp.*, 174 F. Supp. 3d 719, 743 (E.D.N.Y. 2016) ("the fact that the warnings were in English — a language Lara was unable to read or fully understand at the time of the accident — terminates any possible causal connection between the alleged inadequacy of the warning and the accident and, as such, his failure to warn claim fails as a matter of law").

*Mustafa v. Halkin Tool, Ltd.*, 2007 U.S. Dist. LEXIS 23096 (E.D.N.Y. 2007) is instructive. In that case plaintiff – an Albanian immigrant – brought a strict products liability action, seeking recovery for injuries sustained while operating a press brake. The court held that "[t]he fact that the warnings were in English, a language [plaintiff] was unable to read or understand at the time of the accident, sever[ed] the causal connection between the alleged inadequacy of the warning and the accident. *Id*., 2007 U.S. Dist. LEXIS 23096, at *69 (E.D.N.Y. 2007).

In this matter, while the stickers upon the grinder contained warnings in English, they also contained prominently displayed pictogram warnings, and, in any event, plaintiff has not alleged – either in his complaint or in an affidavit - that he would have read the warnings had they been in English. "Because this is an issue on which [Khusenov] has the burden of proof, [Karzinka's] motion for summary judgment dismissing the failure to warn claim must [thus] be granted," *Anderson v. Bungee Int'l Mfg. Corp.*, 44 F. Supp. 2d 534, 540 (S.D.N.Y. 1999), upon this further, additional ground. *See Id*., ("[h]ere, the essential element of causation is missing. [Plaintiff] admits

9

that he did not read the warning on the package. He does not proffer any evidence, and he does not assert in his complaint or his affidavit that he would have read the warning if it had been located in a different place. Any such inference from the record on these motions would be pure speculation. Because this is an issue on which [plaintiff] has the burden of proof, [defendant's] motion for summary judgment dismissing the failure to warn claim must be granted").

## CONCLUSION

For all of the foregoing reasons, the third-party defendant, KARZINKA US, INC., submits that the defendant/third-party plaintiff, PROKRAFT INC., is entitled to an Order, issued pursuant to F.R.C.P. Rule 56, granting it summary judgment and dismissal of plaintiff, ISOJON KHUSENOV's, complaint.

Dated:  Uniondale, New York
       July 22, 2022

CONGDON, FLAHERTY, O'CALLAGHAN,
FISHLINGER & PAVLIDES
    S/
BY:_____
    THOMAS M. EVANS
*Attorneys for 3rd Pty Deft., KARZINKA US, INC.*
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY  11553-3625
(516) 542-5900