STEVEN M. O'CONNOR*
JOSEPH T. REDD^
JOSEPH A. ORLANDO*
PETER URRETA

*SENIOR COUNSEL*
JERRI A. DeCAMP*
MICHAEL P. HESS++

*MEMBER NY & CT BARS
++MEMBER NY & NJ BARS
^MEMBER NY, CO & UT BARS
**MEMBER NY & TX BARS

# O'CONNOR REDD ORLANDO LLP

ATTORNEYS AND COUNSELORS AT LAW
P.O. BOX 1000|242 KING STREET | PORT CHESTER, NEW YORK  10573
MAIN 914-686-1700 | FAX 914-328-3184
WWW.OCONNORLAWFIRM.COM

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

*Kevin Page, Of Counsel*

SEAN A. LATELLA*
MICHAEL KIVORT**
LaWANDA M. GETER*
LAUREN CREEGAN++
AALIYAH C. SHORTE
ANTHONY J. RUGGERI++

July 29, 2022

**Via ECF**
Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Case Number:**  1:21-cv-03703-BMC
              Khusenov v. ProKraft Inc.

Dear Judge Gonzalez:

  This office represents defendant/third-party plaintiff, ProKraft Inc. and defendant, Pro-Cut in this matter. We submit the following in response to the plaintiff's application to show cause why their expert should not be precluded in this matter.

  On June 16, 2022, pursuant to this Court's Orders, defendants and third-party defendant filed their respective motions for summary judgment. As the Court noted, the report of the plaintiff's expert is dated June 29, 2022. On June 29th, the plaintiff's counsel requested an extension of time to oppose the motions, without citing their need for an expert or that an expert had been retained for the purposes of opposing the motions. On that day, the court granted the application and extended the plaintiff's time to oppose the motions until July 14th.

  Plaintiff did not exchange their expert's report until the expert discovery deadline date of July 13th, two weeks after the report was dated. The plaintiff contends that the report was not exchanged due to an "oversight caused by the focus in this matter being diverted from discovery to Defendants' dual motions for summary judgment." This assertion is strikingly inconsistent with the fact that the plaintiff's Response in Opposition to the summary judgment motions is heavily reliant on the very findings and conclusions of the plaintiff's expert. As such, this was no mere "oversight."

  We replied to the plaintiff's Response in Opposition on the premise that their expert was excluded. Defendants submit that the case law strongly supports our position that the subsequent destruction of the permanent guard to the subject meat grinder was the superseding cause of the plaintiff's injuries; the warnings were adequate; and that any claimed issues with same were not the proximate cause of the plaintiff's accident, where the testimony established that the plaintiff was well aware of the risks. Thus, an expert's opinion was not required for this motion and Defendants stand by that contention.

Khusenov v. ProKraft Inc.
July 21, 2022
Pg. 2
_____

      However, should this Court allow the report and affidavit of the plaintiff's expert to be considered in deciding this motion, then the defense should be given the opportunity to obtain expert discovery, including the chance to test the validity of the expert's claims pursuant to the *Daubert* standard.  After completing expert discovery, it stands to reason that the defense be granted leave to further brief the issues raised by the plaintiff's expert.

      Thank you for your consideration herein.

      Very truly yours,
      **O'CONNOR REDD ORLANDO  LLP**

      /s/
      _____
      Peter Urreta

CC:

Gil Zohar and
Anna Broxmeyer
LAW OFFICE OF YURIY PRAKHIN, P.C.
Attorneys for **Plaintiff**
sgt.gilz@gmail.com
AnnaB@prakhinlaw.com

Thomas M. Evans
CONGDON, FLAHERTY, O'CALLAGHAN
Attorneys for Third-Party Defendant
**KARZINKA US, INC**
333 Earle Ovington Blvd, #502
Uniondale, NY 11553
Tel.: (516) 542-5900|Fax: (516) 542-5912
tevans@cfolegal.com